HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
LISA N. LUMEYA, DC Bar #90017392
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Counsel for Defendant
GAVIN ANDERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GAVIN ANDERSON,<br><br>Defendant. | Case No. 6:25-po-00452-HBK<br><br>**NOTICE OF MOTION AND MOTION TO SUPPRESS**<br><br>Date: March 31, 2026<br>Judge: Hon. Helena Barch-Kuchta |

**TO: COUNSEL FOR PLAINTIFF; UNITED STATES ATTORNEY, ERIC GRANT, ASSISTANT UNITED STATES ATTORNEY, JOSHUA BANISTER, ACTING YOSEMITE LAW ENFORCEMENT SPECIALIST, BRIANA VOLLMER:**

**PLEASE TAKE NOTICE** that on May 13, 2026, or as soon thereafter as this matter can be heard, in the Eastern District of California, before the Honorable Magistrate Judge Helena Barch-Kuchta, Defendant Gavin Anderson, through undersigned counsel, will bring on for hearing the following Motion to Suppress.

**MOTION**

Mr. Anderson, by and through his counsel of record, Assistant Federal Defender Lisa N. Lumeya, hereby moves this Court for an order suppressing all evidence obtained as a result of the warrantless vehicle search. This motion is made pursuant to Federal Rule of Criminal Procedure

12; Eastern District of California Local Rule Crim. 430.1; the Fourth Amendment to the United States Constitution; and such other statutory and constitutional rules as may be applicable.

Pursuant to Local Rule 430.1(h), Mr. Anderson respectfully requests an evidentiary hearing on the issues raised in this motion, which he anticipates may last one to two hours for testimony and argument, subject to the government's position in response to this motion. This motion is based upon the instant Notice of Motion; the Memorandum of Points and Authorities; the files and records in the above-entitled case; and any and all other information that may be brought to the Court's attention before or during any hearing on this Motion.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: March 31, 2026

*/s/ Lisa Ndembu Lumeya*
LISA N. LUMEYA
Assistant Federal Defender
Attorney for Defendant
GAVIN ANDERSON

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. FACTUAL BACKGROUND[1]

Counsel is informed and believes the following facts are true:

On May 10, 2025, at approximately 5:40 p.m., National Park Service Ranger Christopher Dell Isola was on patrol on Northside Drive, in an area known as Devil's Elbow, when two people were about to step into a crosswalk. Mr. Gavin Anderson was driving behind the patrol vehicle and was accompanied by his significant other, Hengqian Guo, who sat in the passenger's seat.

Reports describe the area as having crosswalks hidden behind large trees and a nearly blind curve. Upon seeing the two people start to cross the road, Ranger Dell Isola suddenly used his brakes to come to a full stop, and Mr. Anderson attempted to do the same. As noted in the probable cause statement, rangers were dispatched to respond to a government motor vehicle accident as the rear end of the patrol vehicle was impacted. *See* ECF No. 1.

Rangers Benjamon Getz, Timothy Knaus, and Natalie Woller soon reported to the scene. On that date, the rangers conducted a warrantless search of Mr. Anderson's car and cited him based on alleged controlled substances found therein. More specifically, Mr. Anderson is charged with: (1) possession of a controlled substance in violation of 36 C.F.R. § 2.35(b)(2); and (2) unsafe operation of a motor vehicle in violation of 36 C.F.R. § 4.22(b)(3).

## II. ARGUMENT

"The Fourth Amendment guarantees the right of citizens to be free from unreasonable governmental searches." *United States v. Caseres*, 533 F.3d 1064, 1069 (9th Cir. 2008) (citing U.S. Const. amend. IV). It is well established that a judicial warrant is generally required to satisfy the Fourth Amendment's reasonableness requirement. *Riley v. California*, 573 U.S. 373, 382 (2014). This is for good reason as the presence of a warrant "ensures that the inferences to support a search are 'drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Id.* (quoting *Johnson v. United*

---

[1] Mr. Anderson reserves the right to amend or supplement this Motion with additional information should it become available.

*States*, 333 U.S. 10, 14 (1948). Thus, a warrantless search is deemed "*per se* unreasonable—subject only to a few specifically established and well-delineated exceptions.'" *United States v. Cervantes*, 703 F.3d 1135, 1138–39 (9th Cir. 2012) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).

The burden is on the government to show a warrantless search falls squarely within one of the Fourth Amendment's exceptions to the general rule. *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). And pursuant to the exclusionary rule, evidence obtained in violation of a person's Fourth Amendment rights is excluded from a criminal trial. *Alderman v. United States*, 394 U.S. 165, 171 (1969) (confirming that the evidence obtained in violation of a person's Fourth Amendment rights is subject to exclusion, including the "[f]ruits of such evidence").

As relevant here, the rangers did not obtain a warrant prior to searching the vehicle at issue. Thus, the search is *per se* unreasonable and the government bears the burden of proving that the search falls within one of the exceptions to the warrant requirement. *Cervantes*, 703 F.3d at 1141. Mr. Anderson believes the government will be unable to satisfy its burden and thus requests that this Court suppress all evidence obtained as a result of the warrantless search of his vehicle.

## III. CONCLUSION

Based on the foregoing, Mr. Anderson respectfully requests that the Court grant this Motion to Suppress.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: March 31, 2026

/s/ Lisa Ndembu Lumeya
LISA N. LUMEYA
Assistant Federal Defender
Attorney for Defendant
GAVIN ANDERSON