ERIC GRANT
United States Attorney
JOSHUA B. BANISTER
Assistant United States Attorney
MISDEMEANOR UNIT
BRIANA M. VOLLMER
Law Enforcement Specialist (Rule 180)
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GAVIN ANDERSON,<br>Defendant. | CASE NO. 6:25-PO-00452-HBK<br><br>RESPONSE IN OPPOSITION TO MOTION TO SUPPRESS<br><br>Judge: Hon. Helena Barch-Kuchta |

The United States, by and through the undersigned Assistant United States Attorney, respectfully requests this Court deny the defendant, Gavin Anderson's motion to suppress evidence ("Motion"). Search of the vehicle in question did not violate Anderson's rights as officers had probable cause to conduct the warrantless search pursuant to the automobile exception. For these reasons, as explained below, this motion should be denied.

## I. Statement of Facts

On May 10th, 2025, at approximately 5:50pm, US Park Ranger Dell Isola was operating his marked patrol vehicle on Northside Drive within Yosemite National Park. Ex. A to Response, Reports by Rangers Woller and Dell Isola, Bates stamp 8. Ranger Dell Isola stopped his vehicle at a crosswalk in an area known as "Devil's Elbow" when he observed pedestrians crossing the roadway. A moment later, his vehicle was struck from behind by another vehicle. Ranger Dell Isola requested the assistance

of other US Park Rangers to investigate the collision. Rangers Woller, Knaus and Getz responded to the scene to investigate.

The defendant, Gavin Anderson, admitted that he was driving the 2024 Prius when he struck the rear of Ranger Dell Isola's patrol vehicle. *Id* at 5. While investigating the collision, Ranger Woller observed the odor or marijuana emanating from Anderson.

Ranger Woller also observed a marijuana vape pen in plain view inside the Prius. *Id* at 5. The vape pen was located in the center cupholder and was visible through the passenger side window. Ranger Woller recognized that the vape pen contained marijuana because it had a marijuana leaf symbol with an exclamation point and "CA" printed on it. *Id* at 5. The marijuana vape pen was accessible to the driver of the vehicle, in violation of California Penal Code 23222(b)(1) which states "except as authorized by law, a person who has in their possession on their person, while driving a motor vehicle upon a highway or on lands, as described in subdivision (c) of Section 23220, a receptacle containing cannabis or cannabis products, as defined by Section 11018.1 of the Health and Safety Code, which has been opened or has a seal broken, or loose cannabis flower not in a container, is guilty of an infraction punishable by a find of not more than one hundred dollars ($100). At approximately 6:25pm, Ranger Woller and Ranger Knaus conducted a probable cause search of the vehicle for open containers of marijuana.

During the search of the vehicle, Ranger Woller located a black Patagonia backpack behind the driver seat that contained a letter addressed to Gavin Anderson. *Id* at 5. An unmarked orange pill bottle was also found inside the backpack. The pill bottle contained a small plastic bag containing a white powdery substance and a clear straw. The Rangers expanded the scope of their search to include other controlled substances and drug paraphernalia.

23 items of evidence were seized from the Prius after the search was concluded. *Id* at 6-7. Rangers issued Anderson a violation notice with mandatory court appearance for a violation of Title 36 Code of Federal Regulations 2.35(b)(2) Possession of a controlled substance. Dkt 3. Anderson received a second violation notice with a mandatory court appearance for a violation of Title 36 Code of Federal Regulations 4.22(b)(3) Unsafe operation: failing to maintain that degree of control of a motor vehicle necessary to avoid danger to persons, property or wildlife. Dkt 1.

The Prius sustained front-end damage but was operable *Id* at 8. Anderson and his passenger declined a tow for the Prius and drove the vehicle away from the scene after the investigation was completed. *Id* at 7.

## II. Law and Argument

Anderson's motion should be denied because the search of the Prius was supported by probable cause and lawful as a warrantless automobile search.

**A. Officers lawfully searched the vehicle because they had probable cause to do so.**

Anderson makes no specific argument as to why the search of the vehicle would not fall within one of the Fourth Amendment's exceptions. The automobile exception is well-established by the Supreme Court. "Our first cases establishing the automobile exception to the Fourth Amendment's warrant requirement were based on the automobile's 'ready mobility,' an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear. *California* v. *Carney*, 471 U.S. 386, 390-391 (1985) (tracing the history of the exception); *Carroll* v. *United States*, 267 U.S. 132 (1925). More recent cases provide a further justification: the individual's reduced expectation of privacy in an automobile, owing to its pervasive regulation. *Carney, supra*, at 391-392. If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." *Labron*, 518 U.S. at 940"

In this case, the vehicle was readily mobile, as shown by the fact that Anderson and his passenger drove the vehicle away from the scene of the collision. In addition, probable cause existed that the Prius contained contraband. Ranger Woller observed contraband (a marijuana vape pen) in plain view within the vehicle. Marijuana is a controlled substance, possession of which is prohibited under Title 36 Code of Federal Regulations 2.35(b)(2). In addition, open containers of marijuana are prohibited in motor vehicles under California Vehicle Code 23222(b)(1) which Rangers adopt under Title 36 Code of Federal Regulations 4.2(b).

The Rangers had probable cause to search the entirety of the Prius. This Court has previously stated "where an officer observed drug paraphernalia and what he reasonably believes to be drugs in

plain view in a vehicle, he has authority to search the entire vehicle and any containers within it under the automobile exception." See *United States v. Gearhart*, 2024 U.S. Dist. LEXIS 89743 (E.D.Cal. May 17, 2024) at *15.

**III. Conclusion**

For the foregoing reasons, Anderson's motion to suppress should be denied.

Dated: April 15, 2026

ERIC GRANT
United States Attorney

By: */s/ Briana M. Vollmer*
BRIANA M. VOLLMER
Law Enforcement Specialist (Rule 180)