HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
LISA N. LUMEYA, DC Bar #90017392
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Counsel for Defendant
GAVIN ANDERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GAVIN ANDERSON,<br><br>Defendant. | Case No. 6:25-po-00452-HBK<br><br>**DEFENDANT'S OPPOSITION TO UNITED STATES' MOTION FOR LEAVE TO FILE RESPONSE OUT OF TIME** |

The government's motion for leave to file response out of time, ECF No. 14, fails to provide grounds for this Court to consider its proposed opposition to Mr. Anderson's motion to suppress. The Local Rules governing briefing schedules for pretrial motions are clear. "No party will be entitled to be heard in opposition to a motion at oral argument if that party has not timely filed an opposition to the motion." L.R. 430.1(f). The government's motion should be denied.

At a status conference held on March 10, 2026, this Court imposed a briefing schedule in the pending case as governed by the local rules. The Local Rules of the United States District Court for the Eastern District of California are publicly available, and this Court has also included a direct link on its electronic homepage.[1] As applied here, because Mr. Anderson's motion deadline was set for March 31, 2026, any opposition brief was due within seven days of the motion

[1] Available at https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/502311/.

deadline—April 7, 2026. *See* L.R. 430.1(f). In addition to issuing a clear oral order setting forth the deadlines, this Court also issued a minute order reiterating that following the motion deadline of March 31, 2026, any response and reply motions would be governed "pursuant to Local Rules." ECF No. 11. Counsel for both parties were present in court on March 10, and served with the minute order on March 11. *Id.*

On March 31, 2026, Mr. Anderson filed a motion to suppress in accordance with this Court's order. ECF No. 12. The government received electronic notice of the motion. Pursuant to Local Rule 430.1(f), "[a]ny opposition to a noticed motion shall be served and filed within 7 days after the motion is filed." Thus, the deadline for filing an opposition brief to Mr. Anderson's motion was on April 7, 2026. The government did not file an opposition brief and therefore forfeited its opportunity to be heard in opposition. *Id.* As Mr. Anderson's reply motion was due four days following the government's April 7 deadline, defense counsel filed a reply in support of the unopposed motion on April 11, 2026. ECF No. 13. In doing so, defense counsel filed a proposed order granting the unopposed motion to suppress. *Id.* Although the government was electronically served with a copy of the proposed order, the government filed no response to Mr. Anderson's April 11 proposed order. Instead, on April 16, 2026—over one month after this Court set the briefing schedule, and over one week after the deadline for opposing Mr. Anderson's motion—the government filed its proposed opposition brief and motion to accept its untimely filing. ECF No. 14.

In its motion, the government attempts to justify the delay with a "mistaken[] belie[f]" that the local rules provided a longer timeframe to file an opposition brief. ECF No. 14. But it is the duty of the United States to know the law and governing rules.[2] This is especially so given that the Court explicitly referenced the local rules at the March 10 status conference, as well as in the March 11 minute order. After receiving electronic service on Mr. Anderson's March 31 motion, the government still had time to confirm the deadline. Instead, it waited until April 13, following

---

[2] *See also* L.R. 180(b)(4)(C) ("Officers, agents and employees so permitted to practice in this Court are subject to the jurisdiction of this Court with respect to their conduct to the same extent as members of the Bar of this Court.").

Mr. Anderson's reply motion, to become aware of its obligations under the local rules. And even then, it was not until April 16 that the government filed its proposed opposition. While it is understandable that counsel for the government required leave, this occurred after the deadline. *See* ECF No. 14 ("On Monday, April 13, she was advised that local rules permit only 7 days for the Government to respond to motions. Counsel was ill on April 14 and unable to return to work in the office until April 15, 2026."). Thus, counsel's leave does not justify the delay. Furthermore, the government's motion also fails to explain why none of the other Rule 180 representatives, or the prosecutors handling misdemeanors in the United States Attorney's Office and who are charged with supervising Rule 180[3] representatives, could have timely complied with this Court's March 10 order.

The well-resourced federal government is unlike a *pro se* litigant who "must be held to less stringent standards than formal pleadings drafted by an attorney." *Garmon v. Cnty of Los Angeles*, 828 F. 3d 837, 846 (9th Cir. 2016). Indeed, the United States is "the richest, most powerful, and best represented litigant to appear[.]" *Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987)). Federal prosecutors "are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.'" *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting U.S. Const., Art. II, § 3). In order to fulfill this duty, counsel for the United States must be responsible for knowing the law and governing rules. The fact that the government held an unjustifiably mistaken view regarding the governing rules, and failed to take any steps to rectify this error for over one month following this Court's order, hardly excuses a failure to timely file an opposition brief.

For these reasons, the government's untimely request should be denied as determined under Local Rule 430.1(f).

---

[3] Under Local Rule 180(b)(4)(A)(iv), a non-attorney and designated officer, agent, or employee practicing before the Magistrate Judge must be "supervised by the United States Attorney's Office."

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: April 23, 2026

/s/ *Lisa Ndembu Lumeya*
LISA N. LUMEYA
Assistant Federal Defender
Attorney for Defendant
GAVIN ANDERSON