UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  6:25-po-00452-HBK |
| Plaintiff, | ORDER GRANTING GOVERNMENT'S MOTION FOR LEAVE TO FILE RESPONSE OUT OF TIME |
| v. | |
| GAVIN P. ANDERSON, | (Doc. No.  14) |
| Defendant. | |

The Government moves for leave to file a response to Defendant's motion to suppress. (Doc. 14).  Defendant opposes the motion.  (Doc. 15).  The Court has considered the Government's motion, the record, and the parties' arguments.  Good cause appearing, the motion is **GRANTED**.

Under Federal Rule of Criminal Procedure 45(b)(1)(B), after a deadline has expired, the Court may extend the time to act if the party failed to act because of excusable neglect.  In determining whether excusable neglect exists, courts consider the danger of prejudice, the length of the delay and its impact on the proceedings, the reason for the delay, and whether the movant acted in good faith.  *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

Applying those factors here, the Court finds excusable neglect. The Government

represents that the failure to timely file the response resulted from the Rule 180 counsel's mistaken belief that the Government had twenty-one days to respond to the motion, rather than the seven days required by Local Rule 430.1(f).  The Court takes judicial notice, as reflected in the minute order, that after the Defendant requested a briefing schedule at the March 10, 2026 status conference, the Court set a March 31, 2026 deadline for pretrial motions and set the response and reply deadlines pursuant to Local Rules.   (Doc. 11).  In prior cases, however, when setting motions schedules, the Court has routinely allowed twenty-one days for oppositions, instead of the seven days provided by the Local Rule.  On this record, the Court finds the mistake was not made in bad faith, and the Government acted promptly to file its response once counsel learned of the error.  Defendant does not claim prejudice, and the Court independently finds no meaningful prejudice to Defendant from the brief delay.

Accordingly, IT IS ORDERED:

1.  The Government's motion (Doc. 14) is GRANTED.

2.  The Clerk shall file and docket the Government's Response and Exhibits (Doc. 14-1, 14-2) attached to the motion.

3.  Defendant may file a reply to the response within ten days from the date of this Order.

Dated:   June 24, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2