HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
LISA N. LUMEYA, DC Bar #90017392
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Counsel for Defendant
GAVIN ANDERSON

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GAVIN ANDERSON,<br><br>Defendant. | Case No. 6:25-po-00452-HBK<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS**<br><br>Date: July 6, 2026<br>Judge: Hon. Helena Barch-Kuchta |

Defendant Gavin Anderson hereby files his reply to the government's opposition to his Motion to Suppress. In relying on the automobile exception to justify the warrantless vehicle search at issue, the government argues limited and conflicting observations are sufficient to meet its burden. In light of the rangers' overarching investigation and differing views regarding the basis to search, however, this Court should find the government's analysis fails to establish probable cause to uphold the warrantless search.[1]

To start, the government's opposition ignores that National Park Service rangers concluded Mr. Anderson was not impaired after conducting Advanced Roadside Impaired Driving Enforcement (ARIDE) tests. *See* Exh. A, Body-Worn Camera of Tim Knaus, at 18:19:39.[2]

[1] Although Mr. Anderson previously withdrew his request for an evidentiary hearing following the government's non-opposition, he renews his request given the government's filing.

[2] All citations to Body-Worn Camera footage reference the timestamps located in the upper

Although rangers cleared Mr. Anderson of impairment, they still planned to search the vehicle based on what they believed to be an open container. When questioned, however, Mr. Anderson confirmed he did not have any open containers in the vehicle and the rangers corrected their error. *See id.* at 18:22:23-18:22:31. As Ranger Benjamon Getz went to inform Mr. Anderson they would not be searching his vehicle, Ranger Natalie Woller stated, "we still have the search though, right" to Ranger Tim Knaus. *Id.* at 18:22:34. Ranger Knaus disagreed because he did not smell marijuana in the vehicle. *Id.* at 18:22:36. But when Ranger Woller stated she could see a vape pen, the rangers then decided to search the vehicle without identifying additional reasons to believe there was contraband located inside the vehicle.

The issue is whether what Ranger Woller believed was a marijuana vape pen constituted probable cause to search in light of the rangers' investigation confirming Mr. Anderson was not impaired. As the Ninth Circuit has made clear, "probable cause to believe that some incriminating evidence will be present at a particular place does not necessarily mean there is probable cause to believe that there will be more of the same." *United States v. Weber*, 923 F.2d 1338, 1344 (9th Cir. 1990) (reversing the district court and finding evidence should have been suppressed given the warrant was broader than the identified probable cause). Because the government fails to explain why rangers believed they would find contraband other than a marijuana vape pen in the vehicle, it has failed to justify the warrantless search. This is especially clear given the rangers own conflicting observations and their decision to end the search after confirming there was no open container in the vehicle as they mistakenly believed.

In *United States v. Nora*, the Ninth Circuit found that a search warrant allowing officers to search for "firearms," instead of the single firearm previously observed, was overbroad. 765 F.3d 1049, 1059–60 (9th Cir. 2014). More specifically, the Court explained "the officers' firsthand observations of [the defendant] with a gun in his hand did not give them reasonable grounds to believe that any additional firearms would be found in the house." *Id.* at 1059. Such reasoning is instructive here where Ranger Woller's claimed observation of a marijuana vape pen in the console

---

right-hand corner of the attached video exhibit.

did not create reasonable grounds to believe that any additional substances would be found in the vehicle.

To the extent that Ranger Woller's observations gave rise to any probable cause, this was limited to believing someone in the vehicle possessed a marijuana vape pen in the console. This alone did not give the rangers probable cause to believe there were additional vape pens, marijuana, or other controlled substances, in the vehicle. The government cites *California v. Carney*, but there, the agents investigated the defendant after having received information regarding marijuana sales and observing drug paraphernalia in addition to marijuana. 471 U.S. 386, 388 (1985). In contrast to *Carney*, where agents observed both marijuana and drug paraphernalia—such as a scale, plastic bags, or other indicators of marijuana use—the rangers' observations here are primarily focused on a single vape pen. Unlike with drug paraphernalia indicating the presence of a controlled substance, a vape pen fails to suggest the presence of additional contraband.

Accordingly, the rangers exceeded the limits of the scope of the automobile exception by engaging in a general search of the vehicle despite knowing exactly where the claimed marijuana vape pen was located. This Court should thus suppress all evidence obtained as a result of the unlawful warrantless search.

Based on the foregoing, Mr. Anderson respectfully requests that the Court grant this Motion to Suppress.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: July 6, 2026

*<u>/s/ Lisa Ndembu Lumeya</u>*
LISA N. LUMEYA
Assistant Federal Defender
Attorney for Defendant
GAVIN ANDERSON