ERIC GRANT
United States Attorney
JOSHUA B. BANISTER
Assistant United States Attorney
MISDEMEANOR UNIT
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN ANDERSON,<br><br>Defendant. | Case No. 6:25-po-00452-HBK<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY RULE 180 OFFICERS** |

The defendant, Gavin Anderson (defendant), was charged via Citation on October 20, 2025, with one count of failing to maintain that degree of control of a motor vehicle necessary to avoid, in violation of 36 CFR § 4.22(b)(3), and one count of possession a controlled substance, in violation of 36 CFR § 2.35(b)(2). The case is currently pending the Court's decision to deny or grant the defendant's motion to suppress evidence. The defendant filed the instant motion to Disqualify the National Park Service ("motion") was not filed pursuant to a briefing schedule. No hearing on the motion is currently scheduled. For the following reasons, the Court should deny the motion.

## I. PROCEDURAL HISTORY

AUSA Arin Heinz appeared initially. ECF No. 7. Rule 180 officer Ranger Briana Vollmer appeared at the first and second status conferences. ECF No. 9, 11. Rule 180 officer Ranger Christopher

Dell Isola appeared at the first status conference. ECF No. 13. On March 31, 2026, the defendant filed a motion to suppress. ECF No. 12. On April 16, 2026, the government filed a motion for leave to respond out of time the motion to suppress. ECF No, 14. On June 25, 2026, the Court granted the government's motion. ECF Nos. 16. On July 6, 2026, the defendant filed a reply to the government's opposition. ECF No. 18. On July 28, the defendant filed the instant motion. Ranger Vollmer filed the responses on behalf of the government.

## II. ARGUMENT

### A. Eastern District of California Local Rule 180(b)(4) does not conflict with any statute.

The defendant argues that Rule 180 conflict with Title 28 United States Code section 516 and illegally permits the Department of Justice ("DOJ") to delegate its mandate to represent the United States in all matters unless otherwise provided by law. This is not correct because the defendant not only ignores the plain language of section 516, but also the more applicable statute, Title 28 United States Code section 547, and specific case precedent interpreting this statute.

Section 516 states "the *conduct* of litigation in which the United States, an agency, or officer thereof is a party… is reserved to officers of the Department of Justice, under the direction of the Attorney General." (emphasis added). Section 547(1) requires that amongst the duties of a United States Attorney's Office, it will "prosecute all offenses against the United States." These statutes simply identify that the DOJ and respective United States Attorney's Offices are responsible for conducting the litigation on behalf of the United States, specifically criminal prosecutions. The statutes say nothing about how such responsibilities are supposed to be executed.

Rule 180 does not conflict with the statutes because, as part of the requirements to qualify, the rule requires that an officer "is supervised by the United States Attorney's Office." Rule 180(b)(4)(A)(iv). The rule specifically requires that an officer's participation in litigation be at the direction and authority of the of the United States Attorney's Office. The United States Attorney's Office does not and cannot abdicate its responsibilities under section 547(1) per the plan language of the Rule. It therefore is not in conflict with sections 516 or 547.

Further, Defendant's argument was already litigated in *United States v. Glover*, 381 F. Supp. 1139 (D. Md. 1974). There, the defendant appealed his conviction from a bench trial before a magistrate judge wherein "the government was represented by a sergeant in the United States Air Force who was not an attorney." *Id*. at 1140. The defendant argued among other things "that at no time did any United States Attorney participate in the proceedings before [the magistrate judge]," and that was a violation of the applicable statutes and rules. *Id*. at 1142. The district court rejected the argument. The court reasoned that section 547(1) did not require the presence of an Assistant United States Attorney at the defendant's bench trial. *Id*. at 1143. "That section, however, does not relate to jurisdiction; rather, it is a delegation of authority to the United States Attorney and a definition of his duties." *Id*. The court in *Glover* relied on the Fifth Circuit case, *Home News Publishing Co. v. United States*, 329 F.2d 191 (5th Cir. 1964), which analyzed the predecessor statute of section 547 and concluded, relying on a Sixth Circuit case, that the statute's provisions are for the benefit of the government. *Id*. at 193 (citing *United States v. Denton*, 6th Cir., 307 F.2d 336, 338-39 (6th Cir. 1962). "[*Denton*] cites *United States v. Crosthwaite*, 168 U.S. 375 (1897) where it was stated that the manifest object of these statutory provisions was for the protection of the Government in order to prevent persons otherwise engaged in performing these prosecuting services from having a claim against the United States for compensation." *Home News Publishing Co*., 329 F.2d at 193. The district court in *Glover* reasoned, "In the present case, a procedure which the United States Attorney has long sanctioned took place -- a procedure pursuant to which a non-lawyer presented the Government's case and cross-examined the defendant. Since Congress seems to have enacted section 507[1] and its predecessor for the primary protection of the Government, and since the issue is one of practice and not of jurisdiction, the provisions of that section do not require invalidation of Glover's trial."

*Glover's* reasoning should be applied here. Rule 180 is a long-standing local rule and there is a long-standing practice in this district, sanctioned by the United States Attorney's Office, to utilize officers certified under this rule in litigation of misdemeanor offenses before the district's magistrate courts. This practice is for the benefit of the government and does not reflect a jurisdictional question,

[1] Section 507 is the predecessor statute of section 547.

but simply a process for how the United States Attorney's Office exercises its authority to prosecute criminal cases.

*Glover* was cited favorably by the Nineth Circuit, which held that the use of a lay prosecutor in a petty offense case does not inherently violate due process. *United States v. Broers*, 776 F.2d 1424, 1425 (9th Cir. 1985). Further, a district court and a magistrate court have already rejected that the use of lay prosecutors by the United States Attorney's office is improper. *See United States v. Downin*, 884 F. Supp. 1474 (E.D. Cal. May 9, 1995) (rejecting challenge to Eastern District Local Rule 180 where Forest Service employee prosecuted the case); *United States v. Barker*, 3:25-po-00033-DMC-1, 2025 U.S. Dist. LEXIS 214362 at *9 (E.D.Cal October 30, 2025) (finding the Rule 180 officer who presented the case on behalf of the Government had complied with the requirements of the local and appeared before the magistrate judge on this and other criminal matters, and here representation was therefore proper).

Finally, the defendant asks this court to find Rule 180 facially invalid but fails to provide any precedent or authority showing that this Court has the authority to do that. Rule 180 is a local rule promulgated by the Eastern District of California. The defendant, who carries the burden, cites nothing indicating that a magistrate court has the power to invalidate such a rule after it has been issued.

The Court should therefore reject the defendant's argument.

**B. The defendant fails to provide any legitimate basis to disqualify the specific Rule 180 officers who have appeared in this case from continuing to do so.**

The defendant's second argument presents an alleged parade of horribles as basis for disqualifying the current Rule 180 officers. The defendant's argument lacks any merit because the alleged abuses identified are false and/or irrelevant and the Court should reject Defendant's second argument as frivolous. At the outset, the defendant cites no issue with the conduct of the Rule 180 officers in his own respective case. Instead, he attempts to incorporate by vague allusions, improprieties that allegedly arose in other cases. However, each issue raised by the defendant is without merit.

**1. Rule 180 Officers appearing in duty uniforms.**

The defendant points to an initial appearance in June 2026 in a separate case, wherein a Rule 180 officer appeared on behalf of the United States via zoom. The defendant here tries to imply a pattern of

nefarious behavior on the part of the United States Attorney's Office in permitting Rule 180 officers to appear on behalf of the United States while in duty uniform. This argument fails for three reasons. First, the defendant fails to establish any such practice is prejudicial error. The defendant's reliance on *Holbrook v. Flynn*, 475 U.S. 560 (1986) is misplaced. *Holbrook* looked at whether the deployment of uniformed security throughout the courtroom during a jury trial had an inherently prejudicial effect on the fairness of the proceedings and the Court said no. 475 U.S. at 570. The Court specifically said "reason, principle, and common human experience, counsel against a presumption that any use of identifiable security guards in the courtroom is inherently prejudicial." *Id*. at 569 (quotations omitted). The defendant fails to show how a Rule 180 officer who occasionally appears via zoom in a duty uniform at an initial appearance overrides reason, principle, and common human experience, such that the magistrate court could not be impartial in the matter. Even assuming *arguendo* error occurred, it did not occur in the defendant's case.

Second, the defendant's counsel, when corresponding with the United States Attorney's Office on this issue, expressly acknowledged that there were limited circumstances when a Rule 180 officer would appear in duty uniform. Gov. Ex. 1. at 1-A. Any agreement by the United States Attorney's Office to not have Rule 180 officers in duty uniform as a general rule was not without exceptions and *United States v. Young*, 6:26-mj-00025-HBK, which is not the defendant's case, is an example of the limited exception. Gov. Ex. 2. In other words, the defendant is complaining about the government's adherence to a process that the government performs as a courtesy, and that did not even occur in his own case.

Third, the defendant cites only the one instance of a Rule 180 officer appearing in duty uniform and the defense in that case did not even object or otherwise raise the issue. Gov Ex. 2; Decl. of Jonathan McKinney.[2] It is disingenuous for the defendant to bootstrap an alleged error in a separate case that the defense in that case did not even preserve.

**2. Service of Subpoenas**

---

[2] Mr. Mckinney's declaration did not indicate that he objected to the Rule 180 officer's uniform and the government infers from this the tacit concession that he did not object.

The defendant again, bizarrely tries to take issue with a separate case in which National Park rangers notified the prosecution team that they were serving subpoenas issued by the defense on the defense's behalf. First, the service of process described in Mr. Lee's declaration violates Federal Rule of Criminal Procedure 17, which requires personal service on a potential witness. For this kind of service to be valid, both the National Park Service would have to be willing to perform the service of process for Mr. Lee, and the ranger receiving the subpoena would have to agree to accept service in this manner if not personally served. In other words, the process Mr. Lee describes only works if the government agrees. A defense team cannot compel a federal agency to perform service of process for it and a supervisory ranger cannot accept service of process via email of a subpoena unilaterally. And again, the defendant is complaining about a courtesy the government provided to the defense in a case not his own.

Second, the defendant's argument ignores that the National Park Service is part of the prosecution team. According to Mr. Lee's declaration, the defense was literally asking the government to serve the defense subpoenas. Yet the defendant in this case is somehow shocked that the government would therefore be aware of the subpoenas. The solution here is not disqualification of Rule 180 officers, but for defense teams to use alternative means of serving defense subpoenas. If the defendant is concerned the government will know about defense subpoenas being served under seal, the defendant should not ask the government to serve the subpoenas—which again, has not even occurred in the defendant's case.

**3. Discovery**

The defendant next tries to raise an issue about general discovery concerns, none of which appear in his case, again attempting to shoehorn purported issues from other cases. Like his previous arguments, this one too lacks factual support and is without merit.

The defendant asserts that discovery process for the United States Attorney's Office in Yosemite cases do not follow a standardized practice. This is demonstrably false. The defendant's sole support for this assertion is the declaration of Ms. Butler who provides a cursory factual summary of a discovery issue that arose in a single case, *United States v. O'Brien*, 6:25-MJ-00015-HBK. But Ms. Butler's declaration contradicts itself. Ms. Butler says she handles all cases arising out of Yosemite and

concluded that the discovery in *O'Brien* was disclosed outside the "standardized" USAFx system. Yet, she also quotes Ranger Vollmer, who indicated that the National Park Service does not use USAFx. If Ms. Butler handles all the Yosemite cases, then she would know that not using USAFx for Yosemite cases was the rule, not the exception. Further, though Ms. Butler describes the standard use of USAFx for discovery in the Fresno and Bakersfield CVB cases, she never describes the standard discovery process for Yosemite cases, which is a separate CVB docket. This alone indicates Ms. Bulter is not a credible authority on the internal operations of the United States Attorney's Office let alone how the United States Attorney's Office facilitates discovery for Yosemite cases. The defendant's reliance on her knowledge is misplaced.

Further, the government's evidence in response to the defendant's motion shows there is a standard procedure for disseminating discovery in Yosemite cases, that the United States Attorney's Office has authorized and oversees the procedure, and that Ms. Butler is not directly involved in it in either the *O'Brien* case, or other cases. Gov. Ex. 1 at Attachments 1-B – 1-J. The government's evidence further shows that the defendant's counsel is fully aware of this standard procedure, has participated in it on multiple occasions, and has not objected to its use. Gov. Ex. 1. The government cannot speak to the defense team's internal dysfunction in communication in *O'Brien* such that Ms. Butler was not aware all discovery had been previously disclosed directly to the defense attorney, but that dysfunction is not and cannot be a basis to disqualify the Rule 180 officers in this case, which is wholly separate from *O'Brien*.

Apart from Ms. Butler's declaration, the defendant provides no other factual support for his argument other than to cite two-year-old cases, which are all factually distinguishable from the defendant's case. First, as discussed *ante*, the defendant relies heavily on the procedural history in *O'Brien*, but conveniently ignores that the defendant in *O'Brien* benefited from the government's discovery process. While the government volunteered to self-suppress the newly found video, the defendant in *O'Brien* sought to introduce the evidence and stipulated with the government to do so. *O'Brien* 6:25-MJ-00015-HBK, ECF No. 22; Gov Ex. 3. The video was disclosed late because the prosecution team did not know it existed, and the defendant fails to show how that reflects poorly on the

Rule 180s. An Assistant United States Attorney handling the case directly would not have had any better reason to know the video existed. The due diligence of the Rule 180 officers who discovered the previously unknown video benefited the defendant in *O'Brien* and does not help the defendant here. The issue in O'Brien also has not occurred in the defendant's case so *O'Brien* has no applicability.

Next, the defendant attempts to resuscitate the discovery issue from *United States v. Marsh*, 6:24-mj-00092-HBK, 2024 U.S. Dist. LEXIS 200417 (E.D. Cal. November 4, 2024) and apply it to the present case. The defendant ignores that none of the Assistant United States Attorneys or any of the Rule 180 officers in his case were a part of the prosecution team in *Marsh* yet he still attempts to argue the problem of *Marsh* persists. In a feeble attempt to link *Marsh* to his own case, the defendant cites three additional cases, *United States v. Gearheart*, 6:23-MJ-00006-HBK; *United States v. Kidd*, 6:24-MJ-00016-HBK; and *United States v. Pena*, 6:24-PO-00390-HBK. The defendant's attempt fails for multiple reasons.

First, none of the three cited cases have any similarity to the defendant's case. In *Gearheart*, the discovery issue concerned one specific charge and spanned over twenty months. *Gearheart*, 6:23-MJ-00006-HBK, ECF No. 63 at 3-4.[3] In *Kidd*, discovery was not produced timely, but the untimeliness occurred due to a miscommunication and was subsequently produced. *Kidd*, 6:24-MJ-00016-HBK, ECF No. 9. The record in *Pena* is even more devoid of an issue as the only evidence an issue existed is the defense counsel's declaration in *Marsh*.[4] The defendant tries to bootstrap purported issues in *Kidd*, and *Pena* by citing the defendant's reply brief in *United States v. Marsh*, 1:24-MJ-00092-HBK. However, Pena's record does not show that a discovery issue was ever raised and at the first status conference the defendant announced his intention to plead guilty, which he did with a plea agreement. *Pena,* 6:24-PO-00390-HBK, ECF Nos. 12, 13. Any discovery issue was not preserved.

---

[3] The defense counsel's declaration attached to motion to which the defendant cites indicated two Assistant United States Attorneys were working directly on the case, which would undercut the defendant's argument in this case that the Rule 180 officers operate wholly without supervision from the United States Attorney's Office. *Gearheart*, 6:23-MJ-00006-HBK, ECF No. 63-1 at 4.

[4] It appears in citing *Pena,* the defendant is actually relying on a defense counsel's declaration in *Marsh*, 1:24-MJ-00092-HBK, ECF No. 63-1, which does reference an alleged discovery issue in *Pena*, in that the defense did not receive discovery by the court ordered deadline. However, that issue does not appear to have been raised in *Pena* itself.

Second, the defendant fails to provide any facts that could connect the Court's concerns in *Marsh*, with the facts of the instant case. In *Marsh*, the Court concluded the government failed to produce discovery timely, the United States Attorney's Office failed to communicate with requests from the defense counsel, and the United States Attorney's Office attempted to blame the Rule 180 officers for the failures. 2024 U.S. Dist. LEXIS 200417 at *6. The Court expressed a concern that the government had "on occasions exhibited a laissez faire attitude toward the misdemeanor docket." *Id*. at *7. The Court further noted that it had concern with the "perceived as a lack of supervision, training, and/or oversight by the U.S. Attorney Supervisor with the designated NPS Rule 180(b)(4) employee." *Id*. at *7, fn. 4. None of the issues in *Marsh* exist in the defendant's case. In fact, none of the issues in *Marsh*, existed in the *O'Brien* case. It is no accident the defendant must reach back to 2023 and 2024 to cite cases.

Despite making several allusions to the Rule 180 officers being unsupervised, such allusions are merely bald assertions by the defendant devoid of any factual support. Indeed, the government's evidence in response shows quite the opposite. The Rule 180 officers maintain constant communication with the United States Attorney's Office, an Assistant United States Attorney has been present at every Yosemite CVB docket in the past year save for two, and an Assistant United States Attorney works directly with the Rule 180 officers, providing training, review of charging instruments, plea offers, motions, and making appearances in court. Gov. Ex. 1. The Court's concerns in *Marsh* do not exist despite the defendant's meager effort to suggest otherwise.

The defendant also attempts to buttress his argument by repeatedly pointing to internal DOJ policies like the Justice Manual. The government does not concede that use of Rule 180 officers somehow violates internal DOJ policy, but it does not matter because the defendant's argument is already foreclosed. Under the doctrine of separation of powers, the courts have no authority to enforce internal DOJ policies. *United States v. Chavez*, 566 F.2d 81, 81 (9th Cir. 1977); *United States v. Welch*, 572 F.2d 1359 1360 (9th Cir. 1978).

Because the defendant has failed to offer even one fact in his own case that could support disqualification, but instead frivolously attempts to bootstrap issues from outdated cases that have no

factual relationship to his own case, the Court should reject the defendant's argument for requesting the Court to disqualify the Rule 180 officers.

**III. CONCLUSION AND PRAYER FOR HEARING**

For all the foregoing reasons, the defendant's motion lacks merit and should be denied. Further, while the defendant's present motion has only been filed in his own and one other case, the government notes, the defendant's arguments implicate every open case on the Court's docket. There is currently no setting for the Court to hear argument on the defendant's motion. However, the government notes that on August 12, 2026, the Court will hold plea and sentencing hearings for cases on its docket and any plea agreements in said cases will have been negotiated by the Rule 180 officers. In the interest of judicial economy, so that the government is not having to litigate this issue of direct appeal for a large number of cases, or else litigating a large number of 2255 motions because the defense failed to raise the issue in a large number of cases, the government respectfully requests the Court take up this issue as the first matter on docket on August 11, 2026. The defendant has already been granted a Rule 43 waiver so his appearance is not necessary. ECF Nos. 9, 11.

DATED: August 4, 2026

Respectfully submitted,

ERIC GRANT
United States Attorney

By: /s/ *Joshua B. Banister*
JOSHUA B. BANISTER
Assistant United States Attorney