# D E C L A R A T I O N

I, Vincent Lee, declare as follows:

1. I am an Investigator with the Office of the Federal Defender for the Eastern District of California. I have been employed with this office since March 30, 2009.

2. In my capacity as an Investigator, I often serve subpoenas issued under seal on individuals ordered to testify in proceedings within the Eastern District of California. In this role, I have worked on numerous misdemeanor cases arising out of Yosemite National Park.

3. As a measure of courtesy and because the National Park Service has expressed to me to avoid serving subpoenas on law enforcement rangers at their residence, I now contact the supervising ranger regarding the service of a subpoena. Another alternative would be to request that the United States Marshals Service effectuate service at a law enforcement officer's place of residence.

4. In seeking an alternative to me, or another representative, consistently showing up at a law enforcement officer's residence to interrupt their personal space by serving a subpoena, Supervisory Park Ranger Ian Rippetoe suggested emailing a copy of the court-issued subpoena to the supervisory ranger's government email by confirming who the supervisory ranger is on the date of attempted service instead. This was not my idea, but given the NPS's preference, I was happy to agree.

5. In following the NPS's preferred form of service to serve a subpoena on Wednesday, June 24, 2026, I spoke with Supervisory Park Ranger Kyle Smith on the phone. As usual, he agreed to proceed by email service as opposed to in-person service at the rangers' residence. Unlike in prior cases, however, he also asked that I copy the NPS law enforcement email address when sending a copy of the subpoena.

6. I summarized this phone call discussion in an email to my colleagues working on that case. The Rule 180 NPS representatives were active law enforcement rangers and handled the prosecution of that particular case. I was concerned that including the NPS law enforcement email would direct a subpoena issued under seal to the same officers in charge of prosecuting the case. In the normal course of events, this would not happen as the prosecutor would be an AUSA disconnected from the NPS agency email address.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

August 10, 2026

Vincent Lee