# DECLARATION

I, Julie Butler, declare as follows:

1. I am a Paralegal/Disposal Officer with the Office of the Federal Defender for the Eastern District of California. I have been employed with this office since February 2015.

2. As part of my job, I process discovery in cases arising out of the Eastern District of California. My caseload includes 50% of all felony cases as well as all misdemeanor cases arising out of Yosemite National Park. My job also includes attending CVB calendars in Fresno and occasionally, Yosemite and Bakersfield.

3. Discovery is typically produced by the United States Attorney's Office for the Eastern District of California pursuant to their own established protocols using USAfx. With the exception of cases arising out of China Lake for which discovery is shared through DODSAFE, the same USAfx procedure is used in Fresno and Bakersfield CVB cases.

4. Yosemite is different from these misdemeanor dockets because it follows a separate process that lacks the same intentional protocol and security measures. It is so external from the USAO's standard procedure that Rule 180 NPS Representative Briana Vollmer confirmed "I do not typically provide discovery via USAfx as my office does not have that service."

5. By following its own process separate from the USAO, the NPS has produced untimely discovery as seen in *United States v. O'Brien*, 6:25-mj-00015-HBK, where the NPS failed to produce the body-worn camera of the first reporting officer until shortly before the trial.

6. The USAO's standardized protocol is so critical to ensuring proper discovery production that in an August 6, 2026 email, I received confirmation from a USAO Litigation Support Specialist that the USAO's "established policy requires all discovery to be encrypted using BitLocker, with passwords transmitted separately via email" and that the IT Department would "circulate a formal reminder outlining the proper protocol for securing and transmitting discovery materials[.]" Following an established protocol to produce discovery ensures we receive information due through a standardized process. The NPS discovery system does not follow such careful procedure.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

August 10, 2026

Julie Butler