UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GAVIN P. ANDERSON,<br>Defendant. | Case No. 6:25-po-00452-HBK<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY NATIONAL PARK SERVICE<br><br>(Doc. 19) |

Defendant Gavin Anderson was cited for failing to maintain control of a motor vehicle, 36 C.F.R. § 4.22(b)(3), and possessing a controlled substance, 36 C.F.R. § 2.35(b)(2), arising from a May 25, 2025 collision in Yosemite National Park. Before the Court is Defendant's motion to disqualify the National Park Service ("NPS") from further prosecutorial participation in this case. (Doc. 19). The motion is supported by declarations. (Docs. 19-1 through 19-4). Anderson contends that NPS law enforcement specialists may not appear as the Government's designees under Eastern District of California Local Rule 180(b)(4). His argument is two-pronged. First, he argues that 28 U.S.C. § 516 precludes the Department of Justice ("DOJ") from delegating prosecutorial authority to non-attorney employees of another federal department. Second, he argues if Local Rule 180 permits such a designation, the Rule is facially invalid because it conflicts with § 516. The Government opposed the motion and submitted supporting declarations. (Docs. 20, 20-1 through 20-2). Defendant replied, and the Court held a hearing.

(Docs. 21-22).

This Order addresses the issues clarified by the parties at the hearing.

**BACKGROUND**

Defendant's motion concerns the interplay between statutes governing delegation of the Attorney General's authority and Local Rule 180.

In 1966, Congress enacted the current statutory scheme governing DOJ. 28 U.S.C. §§ 501–99. Within those statutes, Congress provided that: "Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General." *Id.* § 516. The Ninth Circuit has explained that:

> Several general delegation statutes apply to the Department of Justice. With a handful of exceptions, all functions of the Department are vested in the Attorney General. 28 U.S.C. § 509. The Attorney General may delegate his authority to "any other officer, employee, or agency of the Department of Justice." *Id.* § 510. The Attorney General is also authorized to appoint Assistant U.S. Attorneys, *id.* § 542, as well as special attorneys "to assist United States attorneys when the public interest so requires," *id.* § 543. The Attorney General may direct attorneys "specially appointed by the Attorney General under law" to "conduct any kind of legal proceeding . . . which United States attorneys are authorized by law to conduct." *Id.* § 515.

*United States v. Jackson*, __ F.4th __, 2026 WL 2387099 (9th Cir. 2026), petition for cert. filed, 2026 WL 2658206 (U.S. Sept. 8, 2026) (No. 26-304).

Separately, Local Rule 180(b)(4) governs the admission of certain non-attorneys in misdemeanor cases. The Rule provides that:

> An officer, agent or employee of a federal agency or department may practice before the Magistrate Judges on criminal matters in this Court, whether or not that officer, agent, or employee is an attorney, if that officer, agent or employee:
>
> (i) has been assigned by the employing federal agency or department to appear as a prosecutor on its behalf;
>
> (ii) has received four or more hours training from the United States

> Attorney's Office in the preceding twenty-four (24) months;
>
> (iii) has filed a designation in accordance with (B); and
>
> (iv) is supervised by the United States Attorney's Office. Supervision by the United States Attorney's Office means that employees of that Office are available to answer questions of any such officer, agent, or employee.

E.D. Cal. Local R. 180(b)(4).[1]

Anderson's principal argument is statutory. He contends that by assigning NPS employees to misdemeanor cases as its designees under Local Rule 180(b)(4), the Government has impermissibly delegated prosecutorial authority to non-attorney, non-DOJ employees, in violation of § 516. In his view, participation in federal misdemeanor litigation is limited to the Attorney General and those who may lawfully be granted the Attorney General's authority to litigate—namely, DOJ officers, employees, and agencies as provided under § 510, and attorneys specially appointed pursuant to § 543. Because NPS employees satisfy neither requirement, NPS must be disqualified from participating in his case.

Anderson alternatively mounts a facial challenge to Local Rule 180. He contends that, if NPS employees may be named as the Government's Local Rule 180(b)(4) designees, then the Rule violates § 516 and must be invalidated.

The Government responds that courts have declined to overturn convictions based on prosecution by non-attorney, non-DOJ employees, a longstanding Government practice. It similarly defends Local Rule 180 on the ground that the United States Attorney's Office has utilized the Rule in the manner challenged by Anderson for many years, and courts have upheld the Rule. The Government further contends that the relevant statutes do not restrict how the United States Attorney's Office may perform its litigation duties, as long as the litigation proceeds at its direction.

**APPLICABLE LAWS AND ANALYSIS**

Defendant's arguments require interpretation of the relevant statutes and Local Rule 180.

---

[1] Although it is unclear precisely when the provision was adopted, the Court's independent review of its records indicates that it was adopted on or about October 28, 1996, as reflected in General Order 327.

In interpreting statutes, "[the] inquiry begins with the statutory text, and ends there as well if the statute's text is unambiguous." *United States v. Brown*, 42 F.4th 1142, 1146 (9th Cir. 2024) (alterations accepted) (internal quotation marks and citations omitted). If the relevant statutory provisions do not define a given term, the Court "give[s] the term its ordinary meaning." *Taniguchi v. Kan P. Saipan, Ltd.*, 566 U.S. 560, 566 (2012) (citation omitted). Statutory interpretation "must be driven by analysis of the statute rather than psychoanalysis of Congress." *FS Credit Opportunities Corp. v. Saba Capital Master Fund, Ltd.*, 608 U.S. 608, 624 (2026) (internal quotation marks and citation omitted).

As to review of local rules: "Local rules are 'laws of the United States.'" *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995) (quoting *United States v. Hvass*, 355 U.S. 570, 575 (1958)). The Rules Enabling Act authorizes district courts to prescribe rules governing their business. 28 U.S.C. §§ 2071–72; *see also* Fed. R. Crim. P. 57 (addressing creation and adoption of local rules). "This authority includes the regulation of admissions to its own bar." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987).

However, local rules "must 'be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072.'" *Lawyers for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1072 (9th Cir. 2025) (quoting 28 U.S.C. § 2071(a)). The Ninth Circuit has reasoned that, when addressing challenges to local rules, it is "under an obligation to construe local rules so that they do not conflict with the federal rules, and we have exercised our ingenuity in doing so." *Marshall*, 44 F.3d at 725 (citation omitted).

The Court first addresses Anderson's argument that NPS employees have improperly exercised prosecutorial authority in this case, and then his facial challenge to Local Rule 180.

**A. No Impermissible Delegation of Prosecutorial Authority**

Anderson argues that NPS employees may not appear in this criminal matter under Local Rule 180(b)(4) because the federal statutes govern delegation of the Attorney General's prosecutorial authority, and the NPS employees here do not satisfy §§ 510 or 543.

These governing statutes make clear that Congress reserved the "conduct of litigation" in which the United States is a party "to officers of the Department of Justice, under the direction of

the Attorney General." 28 U.S.C. § 516. And the Attorney General has authority to "authoriz[e] the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General," *id.* § 510, and may also "appoint attorneys to assist United States attorneys when the public interest so requires," *id.* § 543.

These statutes identify two groups to whom litigation authority may be delegated. First, any DOJ "officer, employee, or agency," regardless of attorney status, *id.* § 510, and, second, any attorney properly appointed under § 543, commonly referred to as a Special Assistant United States Attorney ("SAUSA"). The NPS law enforcement specialists appearing under Local Rule 180 are neither DOJ personnel nor appointed SAUSAs.[2]

But that conclusion does not end the inquiry. Section 516 reserves the "conduct of litigation" to DOJ under the Attorney General's direction; it does not expressly prohibit all litigation-related assistance by employees of another federal agency. The question, then, is whether the Local Rule 180 designees engaged in the "conduct of litigation."

Local Rule 180 defines supervision as the United States Attorney's Office being "available to answer questions." The Rule's supervision requirement does not authorize a designee to exercise authority that § 516 reserves to DOJ. Although availability to answer questions may satisfy the Rule's admission condition; it does not establish that DOJ retained control over a particular litigation decision.

Authority defining "conduct" within the meaning of § 516 appears sparse. Because the relevant provisions do not define this term, the Court "give[s] the term its ordinary meaning." *Taniguchi*, 566 U.S. at 566. Section 516 was enacted in 1966. The contemporaneous edition of Black's Law Dictionary defines "conduct" as: "To manage; direct; lead; have direction; carry on; regulate; do business." Black's Law Dictionary (rev. 4th ed.1968).

In context, "conduct of litigation" includes directing and controlling the Government's litigation, determining its positions, and making material prosecutorial decisions. Rule 180(b)(4)

---

[2] The Government relies on § 547(1) , which requires each United States attorney to "prosecute for all offenses against the United States." That provision does not independently authorize delegation of prosecutorial authority. Nor can Local Rule 180 supply such authority: although local rules are laws of the United States, they remain consistent with federal statute. *See Marshall*, 44 F.3d at 724; *Lawyers*, 141 F.4th at 1072. Accordingly, the Rule cannot authorize prosecutorial authority beyond § 516's limits.

supplies conditional permission for an otherwise nonlawyer agency employee to appear before magistrate judges on criminal matters in the Eastern District. A non-DOJ designee, who satisfies the Rule's requirement, may assist in a misdemeanor prosecution but may not independently exercise prosecutorial authority. Consequently, the participation of NPS employees in this case is not, in and of itself, a violation of § 516.

*United States v. Plesinski*, 912 F.2d 1033 (9th Cir. 1990) supports this conclusion. There, the Ninth Circuit held that relief was unwarranted where an improperly appointed[3] SAUSA "prepared and argued the government's responses to several of [defendant's] pretrial motions." *Id*. at 1039. In that case, the defendant challenged the district court's denial of rehearing on motions prepared and argued by the SAUSA on the grounds that he was "entitled to have a duly authorized and properly qualified representative of the government study, analyze, and present the government's position." *Id.* at 1039. But the Ninth Circuit reasoned that, because the SAUSA's participation was subject to the approval of the supervising AUSA, and the SAUSA "did not make the final decisions in connection with the prosecution," the defendant was not entitled to rehearing. *Id.*[4]

The Government relies on *United States v. Glover*, 381 F. Supp. 1139 (D. Md. 1974) to argue that designating NPS employees is broadly permissible and raises no § 516 concerns. But *Glover* is distinguishable. In *Glover*, the defendant was convicted of theft after a bench trial before a magistrate judge. *Id.* at 1140. During the trial, the Government was represented by a non-attorney Air Force sergeant. *Id.* On appeal to the district court, the defendant argued for reversal because, among other reasons, "at no time did any United States Attorney participate in the proceedings before" the magistrate judge. *Id.* at 1142.

The court concluded that reversal was not warranted for two reasons. First, the statutes governing proceedings before magistrate judges and the Federal Rules of Criminal Procedure did

[3] The appointment was improper because the Attorney General's power to appoint SAUSAs under 28 U.S.C. § 543 had not been transferred, pursuant to § 510, to the DOJ officer who made the appointment. *Plesinski*, 912 F.2d at 1034–37.

[4] *Plesinski* also addressed the impact of the defectively appointed SAUSA on the court's jurisdiction and the validity of the grand jury indictment—issues not relevant here.

not require an AUSA to appear at trial. *Id.* at 1143. Second, and more relevant here, the court reasoned that § 547(1) did not require an AUSA to appear at trial because that section was enacted "for the primary protection of the Government," and prosecution by a non-lawyer in similar contexts was "long sanctioned" by the Government. *Id.* at 1144.

In reaching that conclusion, the court relied on a line of decisions ultimately citing back to *United States v. Crosthwaite*, 168 U.S. 375 (1897), in which the Supreme Court reasoned that predecessor statutes restricting compensation for SAUSAs were intended "to protect the treasury from the expense incident to the employment of special counsel." *Id.* at 381. But *Crosthwaite* did not hold that every provision governing SAUSA appointments exists to protect the Government from financial costs. In fact, the Court recognized that the statutes granted "the attorney general full power to employ counsel for the United States to assist" the Government. *Id.* at 379.

Moreover, *Glover* cites a Fifth Circuit decision and Sixth Circuit decision, each of which suggests an outer limit to the Attorney General's authority to delegate prosecutorial duties. *See United States v. Denton*, 307 F.2d 336, 338–39 (6th Cir. 1962) (concluding that unappointed IRS counsel's participation in trial did not present jurisdictional issue because he "assisted, but it cannot be said he conducted the trial"); *Home News Pub. Co. v. United States*, 329 F.2d 191, 193 (5th Cir. 1964) (reasoning that "we do not construe the language of either the *Crosthwaite* case or the *Denton* case as holding that attorneys for the Department of Labor would have the power to appear before a Grand Jury to seek an indictment and to pursue the prosecution to a conclusion without the intervention of a duly authorized United States Attorney or to file an information for the purpose of starting a prosecution and then continue throughout the prosecution without such intervention"). *Glover* does not clearly support the Government's contention that the Attorney General may delegate prosecutorial duties without limit. The Court therefore declines to rely on this non-precedential, out-of-circuit district court decision to resolve the issue presented.[5]

---

[5] The Government also cites *United States v. Downin*, 884 F. Supp. 1474 (E.D. Cal. 1995) and *United States v. Barker*, No. 3:25-PO-0033-DMC-1, 2025 WL 3034104 (E.D. Cal. Oct. 30, 2025) as approving the use of non-attorney prosecutors. But neither case addressed § 516: *Downin* involved a due process challenge, and *Barker* concerned whether the lay prosecutor's conduct satisfied Local Rule 180's requirements.

Based on the above analysis, the Court concludes that, provided that the designee is not exercising prosecutorial authority, an NPS employee may serve as the Government's Local Rule 180(b)(4) designee without violating § 516. Accordingly, because the Rule 180(b)(4) designee's authority is derivative and limited, rather than an inherent statutory authority to prosecute, Defendant must show that the Government actually delegated the conduct of litigation to a Local Rule 180 designee; it is insufficient to show merely that such an impermissible delegation could occur.

Defendant primarily relies on the Government's untimely response to his motion to suppress and the absence of an AUSA signature on the motion and response. (*See* Docs. 14, 17). Those circumstances warrant concern, but they do not by themselves establish that an NPS designee drafted or filed a response independently without AUSA direction or approval. On the present record, Defendant has not established that an NPS designee selected, approved, or advanced a government litigation position without AUSA authorization. Standing alone, the absence of an AUSA signature does not establish an unauthorized delegation, particularly in light of the Government's contrary representations. (*See* Doc. 20-1, ¶ 7). Nor does Defendant's reference to alleged improper actions in other cases provide grounds for finding the same in *this* matter.

Because Defendant has not established an impermissible delegation, the Court need not consider a remedy. Although this Court may exercise its supervisory power "to deter future illegal conduct," *United States v. Lopez*, 4 F.3d 1455, 1463 (9th Cir. 1993) (citation omitted), the requested categorical exclusion of NPS from the case appears broader than necessary to prevent any future unauthorized exercise of prosecutorial authority.

One point bears emphasis. Although the Court declines on the present record to disqualify NPS from participating in this case, this ruling does not endorse a practice in which NPS employees make or effectively control prosecutorial decisions while an AUSA is merely available for consultation. To the contrary, circumstances may require the presence and meaningful participation of an AUSA, including when an NPS employee serves as a Rule 180(b)(4) designee and the proceeding is likely to require consequential litigation decisions on short notice. In such

circumstances, proceeding without meaningful attorney oversight may raise serious concerns that prosecutorial control has been improperly delegated. *See United States v. Taylor*, No. 3:26-MJ-0001-DMC-1, 2026 WL 1999131, at *1 (E.D. Cal. July 10, 2026) (finding that the interests of justice required an Assistant United States Attorney's presence at a defendant's mental-health competency hearing to assist a Rule 180(b)(4) non-attorney designee from the Bureau of Land Management).

**B. Local Rule 180 is Not Facially Invalid**

Anderson alternatively argues that the Rule is facially invalid on two grounds. First, he contends that the rule violates "the principles of right and justice," as used to invalidate the local rule at issue in *Frazier*. 482 U.S. at 645–46 (citations omitted). The first argument fails because the Court lacks authority to grant relief. *Frazier* was decided under "the Supreme Court's inherent supervisory power," which this Court lacks. *In re North*, 383 F.3d 871, 877 (9th Cir. 2004) (citation omitted); *see Thaw v. Sessions*, 712 F. App'x 604, 605 (9th Cir. 2017) (Unpub. Mem.) ("The supervisory authority that the Supreme Court exercised in *Frazier* is unavailable to the district court"). In any event, *Frazier* involved a constitutional challenge to a local rule, and Anderson raises no such challenge. *See United States v. Broers*, 776 F.2d 1424, 1425 (9th Cir. 1985) ("the fact that the government's advocate is not an attorney does not in and of itself implicate due process."). Accordingly, *Frazier* does not provide this Court with a basis to invalidate Local Rule 180.

Second, Defendant argues that, if Local Rule 180 permits the Government to designate non-attorney, non-DOJ employees to exercise prosecutorial authority, then the rule conflicts with § 516 and is invalid. The second argument also fails. As stated above, this Court is obligated "to construe local rules so that they do not conflict with the federal rules." *Marshall*, 44 F.3d at 725. A facial conflict exists only if Local Rule 180 necessarily authorizes conduct that § 516 forbids. It does not. Properly construed, the Rule permits qualified agency employees to appear and assist in misdemeanor matters while leaving litigation control and prosecutorial decision-making to DOJ. Defendant's references to other cases expressing concern about the Government's use of Local Rule 180 designees does not alter this conclusion. Any misuse of the Rule by the

Government does not change its intended scope, and this Court maintains the authority to address any improper grants of prosecutorial authority that may occur.[6]

Finally, this Order does not decide which actions by a Local Rule 180 designee constitute "the conduct of litigation" under § 516. That question is not before the Court in this motion, and the Court therefore cannot, and does not, consider it. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 378–79 (2024) ("federal courts do not issue advisory opinions about the law").

Accordingly, IT IS ORDERED:

Defendant's motion to disqualify the National Park Service (Doc. 19) is DENIED.

Dated: September 14, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[6] Because the Court concludes that Defendant's facial challenge to Local Rule 180 fails, it need not reach the Government's argument that a magistrate judge lacks the authority to invalidate a local rule.